1
2
3
4
5
6
7



8
9
10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  BERNARD ALBERT STEPPE, | )  Case No. EDCV 07-1654-RSWL (RNB) |
| 12               Petitioner, | ) |
| 13        vs. | )  ORDER TO SHOW CAUSE |
| 14  SHERIFF OF SAN | ) |
|      BERNARDINO COUNTY, | ) |
| 15 | ) |
| 16               Respondent. | ) |

On December 17, 2007, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein, ostensibly pursuant to 28 U.S.C. § 2254. It appears from the face of the Petition that petitioner's custody does not stem from the judgment of a State court. Rather, petitioner is a pretrial detainee, awaiting trial in San Bernardino Superior Court on charges of murder and attempted murder. Petitioner purports to be raising a host of federal constitutional challenges to the pending criminal charges, including a challenge to the state's right to prosecute him by information instead of by grand jury indictment, a claim that the California murder statute fails to provide adequate notice of the conduct prohibited, a challenge to the handling of his case by an elected trial judge, and a search and seizure claim.

28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State

court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). Because there is no State court judgment here, the Court deems the Petition to have been brought pursuant to 28 U.S.C. § 2241(c)(3), which empowers a district court to issue a writ of habeas corpus before a judgment is entered in a criminal proceeding. See McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir.2003).

Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that a district court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless the petitioner can show that special circumstances warrant federal intervention prior to the state criminal trial. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973); Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.), cert. denied, 449 U.S. 1014 (1980); see also Younger v. Harris, 401 U.S. 37, 44-46, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (under principles of comity and federalism, a federal court should not intervene in a pending state criminal prosecution absent extraordinary circumstances where the danger of irreparable harm is both great and immediate, and cannot be eliminated by defense against the prosecution). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972).

Younger abstention is appropriate in favor of a state proceeding if three criteria are met: (1) the state proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal constitutional challenges. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); Kenneally v. Lungren, 967 F.2d 329, 331-32 (9th Cir. 1992), cert. denied, 506 U.S.

1054 (1993). In Carden, the Ninth Circuit held that "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." Carden, 626 F.2d at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85, 91 S. Ct. 674, 677, 27 L. Ed. 2d 701 (1971)).

Here, it appears to the Court that all three criteria for Younger abstention are met with respect to the criminal proceeding still pending against petitioner in San Bernardino Superior Court. Moreover, petitioner has failed to allege the type of special circumstances that warrant federal intervention. Rather, the claims that petitioner is making are claims that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before petitioner seeks a federal writ of habeas corpus.

Accordingly, on or before **January 15, 2008**, petitioner is ordered to show cause, in writing, why this action should not be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts without prejudice to refiling after petitioner's state criminal proceedings, including appeal, are completed, and petitioner has exhausted his state remedies.

DATED:    December 20, 2007

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE